**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **Textile Computer Systems, Inc.**, <br><br>    Plaintiff, <br><br>**v.** <br><br>**Charles Schwab Bank**, <br><br>    Defendant. | Case No.:  6:21-cv-1051-ADA <br><br>**Jury Trial Demanded** |

## CHARLES SCHWAB BANK'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant Charles Schwab Bank, SSB ("CSB"), by and through its undersigned counsel, hereby submits its answer, affirmative defenses, and counterclaims to the Original Complaint for Patent Infringement (ECF No. 1) ("Complaint") filed by Textile Computer Systems, Inc. ("Plaintiff" or "Textile").  In this answer, paragraph numbers correspond to those in the Complaint to which they respond.  CSB refers to U.S. Patent Nos. 8,505,079 ("'079 Patent"), 8,533,802 ("'802 Patent"), 9,584,499 ("'499 Patent"), 10,148,659 ("'659 Patent"), and 10,560,454 ("'454 Patent") as the "Asserted Patents."  CSB denies all allegations of the Complaint that are not expressly admitted, including denying any and all allegations that it infringes the Asserted Patents.  CSB repeats the headings from the Complaint for clarity and organizational convenience only.

### PARTIES

1.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and therefore denies them.

2.      CSB admits that it conducts business in Austin, El Paso, and San Antonio.  CSB denies the remaining allegations of paragraph 2 of the Complaint.

3.      CSB admits that it is the principal depository institution subsidiary of The Charles Schwab Corporation, which owns in whole or in part other companies that include the name Charles Schwab or Schwab.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the Complaint and therefore denies them.

4.      Denied.

5.      CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and therefore denies them.

6.      CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and therefore denies them.

7.      Denied.

## JURISDICTION AND VENUE

8.      CSB admits that paragraph 8 of the Complaint states that Plaintiff has brought an action for patent infringement and that this Court has subject matter jurisdiction.  The remainder of paragraph 8 states a legal conclusion to which no response is required.

9.      CSB admits that it has done and continues to do business in Texas.  CSB denies that it has committed and continues to commit acts of patent infringement in the State of Texas.  CSB denies that it is making and/or using any accused instrumentality in Texas, including by Internet and via branch offices and other branch locations.  CSB denies that it is inducing others to commit acts of patent infringement in Texas, and/or committing a least a portion of any other alleged infringements.  The remainder of paragraph 9 of the Complaint states a legal conclusion to which no response is required.

10.     CSB denies that it has committed and continues to commit acts of patent infringement in this district.  CSB admits that its cardholders are issued debit cards, but denies that it issues credit cards or that through using debit and/or credit cards with certain digital payment systems its cardholders make and/or use any accused instrumentalities in the district. CSB denies that it induces others to commit acts of patent infringement in Texas, and/or commit at least a portion of any other infringements alleged herein in this district.  CSB admits that it has places of business in this district, but denies that those places of business include at least at the El Paso Operation Center at 1945 Northwestern Drive, El Paso, Texas 79912, a branch at 1435 North Loop 1604 West, Suite 101, San Antonio, Texas 78258, and numerous other locations in San Antonio and Austin.  CSB admits that paragraph 10 also includes certain excerpts from https://www.schwab.com/contact-us, https://client.schwab.com/public/branchlocator/branchdetails.aspx?branchid=1225, and two Google Maps Street Views of buildings having "Charles Schwab" signage in El Paso and San Antonio, but denies that these excerpts identify CSB Bank, SSB.  The remainder of paragraph 10 of the Complaint states a legal conclusion to which no response is required.

## BACKGROUND

11.     CSB admits that the Asserted Patents may generally pertain to payment authorization.  CSB denies that Gopal Nandakumar is a prolific inventor.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the Complaint and therefore denies them.

12.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and therefore denies them.

13.     CSB admits that the Asserted Patents generally relate to payment authorization. CSB denies that Mr. Nandakumar has been at the forefront of payment authorization,

developing, disclosing, and patenting solutions for reducing fraud in credit and debit card transactions.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the Complaint and therefore denies them.

## THE TECHNOLOGY

14.    Denied.

15.    CSB denies that the Asserted Patents disclose any patented improvements.  CSB denies that any such alleged patented improvements are critical for implementing secure payment systems, especially in light of the many high-profile merchant data breaches that have lead [sic: led] to increased credit and debit card fraud.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of the Complaint and therefore denies them.

16.    Denied.

17.    Denied.

18.    Denied.

19.    CSB admits that paragraph 19 of the Complaint recites two short excerpts of an EMVCo document titled "Delivering Convenience and Confidence: How EMV® Specifications Support Online Commerce," located at: https://www.emvco.com/wp-content/uploads/documents/Quick-Resource_How-EMV-Specifications-Support-Online-Commerce.pdf (last visited August 10, 2022).

20.    CSB admits that the '079 Patent was subject to an *inter partes* review proceeding in *Unified Patents Inc. v. Textile Computer Systems, Inc.*, IPR 2017-00296 ("the *Unified Patents* IPR").  In the *Unified Patents* IPR, on November 21, 2016, the Petitioner filed a Petition for *Inter Partes* Review of U.S. Patent No. 8,505,079 ("Petition"), Paper 2, asserting that claims 1, 3, 6–9, 11, 13, and 16–19 (collectively, the "Challenged Claims") of the '079 Patent were

unpatentable based upon three prior art references: U.S. Patent Application Publication No. 2006/0235796 to Johnson et al. ("Johnson"); U.S. Patent No. 7,657,489 to Stambaugh ("Stambaugh"); and U.S. Patent Application Publication No. 2006/0173794 to Sellars et al. ("Sellars"), and asserting two grounds of obviousness.  *See generally* Petition.  On May 12, 2017, the PTAB entered an Initial Determination ("ID"), Paper 9, "conclud[ing] that Petitioner has demonstrated a reasonable likelihood of prevailing on its challenges to claims 1, 3, 6–9, 11, 13, and 16–19 of the '079 Patent."  ID at 30.  On March 23, 2018, the PTAB issued a Final Written Decision ("FWD"), Paper 19, construing the claim term "key string" by finding, in part:

> [T]he system (claim 1) and method (claim 11) recited in the claims must prohibit the service client from accessing a common identifier of the secured resource, *such as the key string used to authenticate the identity of the end user*.  See PO Resp. 26–28; Ex. 2004 ¶¶ 50–53.

FWD at 13 (emphasis added); *see also id.* at 14–16.  CSB admits that based on the PTAB's construction and understanding of the claim term "key string," including as described above, the PTAB did not find claims 1, 3, 6–9, 11, 13, and 16–19 of the '079 Patent unpatentable based upon the two obviousness grounds and the Johnson, Stambaugh, and Sellars prior art asserted in the Petition.  CSB denies that the PTO found that the "key string" as construed by the PTAB was not in the prior art at all, much less it being conventional or widespread, or that the PTO confirmed the patentability of the challenged claims of the '079 Patent generally.  To the extent that paragraph 20 of the Complaint includes any remaining allegations, CSB denies those remaining allegations.

## COUNT I

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,505,079

21.     CSB admits that on August 16, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,505,079 ("the '079 Patent"), which is entitled

"Authentication System and Related Method."  CSB denies that the '079 Patent was duly or legally issued.

22.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and therefore denies them.

23.     CSB admits that it offers debit cards, such as the Schwab Bank Visa Platinum Debit Cards.  CSB states that those debit cards can be used with technologies intended to prevent or mitigate unauthorized transactions and fraud in a request to pay a merchant for a transaction, but CSB lacks knowledge or information sufficient to form a belief as to whether those technologies are "an authentication system that authenticates the identity of a Charles Schwab card holder in a request to pay a merchant for a transaction" as those terms are being used by Textile in its allegation and therefore, denies this allegation.  CSB states that it has entered into a contractual relationship with a third party for "token service" in connection with its debit cards and admits that documentation relating to implementation of the token service indicates that it is based on EMVCo Payment Token Standards.  Because this service is provided by a third party, CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "tokens that are used in the transaction instead of the user's debit and/or credit card number so that the user's debit and/or credit card number is never transmitted or otherwise provided to the merchant thereby preventing the user's debit and/or credit card number from being deliberately or unintentionally transferred from the merchant to a third-party such as through hacking, spoofing, or other man-in-the-middle vulnerabilities, for example" and therefore denies it.  CSB admits that holders of its debit cards may be able to utilize the token service using a smart phone, but CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation and therefore denies it.  CSB admits that paragraph 23 of the

Complaint includes an excerpt from a web page located at:

https://www.schwab.com/checking/debit-card.  CSB admits that paragraph 23 of the Complaint

includes excerpts from a US Payments Forum document located at:

https://www.uspaymentsforum.org/wp-content/uploads/2019/06/EMV-Payment-Tokenization-Primer-Lessons-Learned-FINAL-June-2019.pdf, but CSB is not a member of the US Payments

Forum or the author of that document, which does not refer to CSB or any of its debit cards.

CSB denies that the US Payments Forum document or its excerpts in paragraph 23 of the

Complaint describe any authentication system or accused instrumentality of CSB.  CSB lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph 23 of the Complaint and therefore denies them.

24.     CSB admits that some of its account holders may conduct transactions through

smartphones, including being able to add the Schwab Bank Visa Platinum Debit Card to a

mobile wallet for use by the account holder on his or her smartphone.  CSB admits that once

added, the account holder can then conduct a transaction making payment with the Schwab Bank

Visa Platinum Debit Card from the mobile wallet.  CSB admits that some of these transactions

may be payments to a merchant or third party, and some transactions may take place through

contactless payment using near field communication (NFC) with a merchant's point of sale

(POS) terminal.  CSB lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations of paragraph 24 of the Complaint and therefore denies them.

25.     CSB denies that any messaging gateway is either hosted directly by CSB or

through an agent with whom CSB has contracted to receive any messages.  CSB lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph 25 of the Complaint and therefore denies them.

26.     CSB denies that any authorization server is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 of the Complaint and therefore denies them.

27.     CSB denies that any service user interface is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 of the Complaint and therefore denies them.

28.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and therefore denies them.

29.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and therefore denies them.

30.     CSB admits that Plaintiff purports to allege infringement either literally or under the doctrine of equivalents, but denies any such infringement.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     CSB admits that it first learned of the '079 Patent when it was served with the Complaint, but denies that this service was sufficient to provide notice of Plaintiff's infringement allegations regarding the '079 Patent including, specifically, denying that the Complaint sufficiently identifies and describes any accused instrumentality or CSB's alleged infringement and allegedly-infringing acts.  CSB denies the remaining allegations of paragraph 40 of the Complaint.

41.     Denied.

42.     Denied.

43.     Denied.

## COUNT II

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,533,802

44.     CSB admits that on September 10, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,533,802 ("the '802 Patent"), which is entitled "Authentication System and Related Method."  CSB denies that the '802 Patent was duly or legally issued.

45.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint and therefore denies them.

46.     CSB admits that it offers debit cards, such as the Schwab Bank Visa Platinum Debit Cards.  CSB states that those debit cards can be used with technologies intended to prevent or mitigate unauthorized transactions and fraud in a request to pay a merchant for a transaction, but CSB lacks knowledge or information sufficient to form a belief as to whether those technologies are "an authentication system that authenticates the identity of a Charles Schwab card holder in a request to pay a merchant for a transaction" as those terms are being used by Textile in its allegation and therefore, denies this allegation.  CSB states that it has entered into a

contractual relationship with a third party for "token service" in connection with its debit cards and admits that documentation relating to implementation of the token service indicates that it is based on EMVCo Payment Token Standards.  Because this service is provided by a third party, CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "tokens that are used in the transaction instead of the user's debit and/or credit card number so that the user's debit and/or credit card number is never transmitted or otherwise provided to the merchant thereby preventing the user's debit and/or credit card number from being deliberately or unintentionally transferred from the merchant to a third-party such as through hacking, spoofing, or other man-in-the-middle vulnerabilities, for example" and therefore denies it.  CSB admits that holders of its debit cards may be able to utilize the token service using a smart phone, but CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation and therefore denies it.  CSB admits that paragraph 46 of the Complaint includes an excerpt from a web page located at:

https://www.schwab.com/checking/debit-card.  CSB admits that paragraph 46 of the Complaint includes excerpts from a US Payments Forum document located at:

https://www.uspaymentsforum.org/wp-content/uploads/2019/06/EMV-Payment-Tokenization-Primer-Lessons-Learned-FINAL-June-2019.pdf, but CSB is not a member of the US Payments Forum or the author of that document, which does not refer to CSB or any of its debit cards. CSB denies that the US Payments Forum document or its excerpts in paragraph 46 of the Complaint describe any authentication system or accused instrumentality of CSB.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46 of the Complaint and therefore denies them.

47.     CSB admits that some of its account holders may conduct transactions through smartphones and software applications such as Apple Pay, Google Pay, or Samsung Pay, including being able to add the Schwab Bank Visa Platinum Debit Card to a mobile wallet for use by the account holder on his or her smartphone.  CSB admits that once added, the account holder can then conduct a transaction making payment with the Schwab Bank Visa Platinum Debit Card from the mobile wallet, such as through Apple Pay, Google Pay, or Samsung Pay. CSB admits that some of these transactions may be payments to a merchant or third party, and some transactions may take place through contactless payment using near field communication (NFC) with a merchant's point of sale (POS) terminal.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47 of the Complaint and therefore denies them.

48.     CSB denies that any messaging gateway is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48 of the Complaint and therefore denies them.

49.     CSB denies that any authorization server is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 of the Complaint and therefore denies them.

50.     CSB denies that any service user interface is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50 of the Complaint and therefore denies them.

51.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint and therefore denies them.

52.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint and therefore denies them.

53.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint and therefore denies them.

54.     CSB admits that Plaintiff purports to allege infringement either literally or under the doctrine of equivalents, but denies any such infringement.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     CSB admits that it first learned of the '802 Patent when it was served with the Complaint, but denies that this service was sufficient to provide notice of Plaintiff's infringement allegations regarding the '802 Patent including, specifically, denying that the Complaint sufficiently identifies and describes any accused instrumentality or CSB's alleged infringement and allegedly-infringing acts.  CSB denies the remaining allegations of paragraph 64 of the Complaint.

65.     Denied.

66.     Denied.

67.     Denied.

## COUNT III

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,584,499

68.     CSB admits that on February 28, 2017, the United States Patent and Trademark Office issued United States Patent No. 9,584,499 ("the '499 Patent"), which is entitled "Authentication System and Method."  CSB denies that the '499 Patent was duly or legally issued.

69.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint and therefore denies them.

70.     CSB admits that it offers debit cards, such as the Schwab Bank Visa Platinum Debit Cards.  CSB states that those debit cards can be used with technologies intended to prevent or mitigate unauthorized transactions and fraud in a request to pay a merchant for a transaction, but CSB lacks knowledge or information sufficient to form a belief as to whether those technologies are "an authentication system that authenticates the identity of a Charles Schwab card holder in a request to pay a merchant for a transaction" as those terms are being used by Textile in its allegation and therefore, denies this allegation.  CSB states that it has entered into a contractual relationship with a third party for "token service" in connection with its debit cards and admits that documentation relating to implementation of the token service indicates that it is based on EMVCo Payment Token Standards.  Because this service is provided by a third party, CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "tokens that are used in the transaction instead of the user's debit and/or credit card number so that the user's debit and/or credit card number is never transmitted or otherwise provided to

the merchant thereby preventing the user's debit and/or credit card number from being deliberately or unintentionally transferred from the merchant to a third-party such as through hacking, spoofing, or other man-in-the-middle vulnerabilities, for example" and therefore denies it.  CSB admits that holders of its debit cards may be able to utilize the token service using a smart phone, but CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation and therefore denies it.  CSB admits that paragraph 70 of the Complaint includes an excerpt from a web page located at:

https://www.schwab.com/checking/debit-card.  CSB admits that paragraph 70 of the Complaint includes excerpts from a US Payments Forum document located at:

https://www.uspaymentsforum.org/wp-content/uploads/2019/06/EMV-Payment-Tokenization-Primer-Lessons-Learned-FINAL-June-2019.pdf, but CSB is not a member of the US Payments Forum or the author of that document, which does not refer to CSB or any of its debit cards.  CSB denies that the US Payments Forum document or its excerpts in paragraph 70 of the Complaint describe any authentication system or accused instrumentality of CSB.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 70 of the Complaint and therefore denies them.

71.     CSB admits that some of its account holders may conduct transactions through smartphones and software applications such as Apple Pay, Google Pay, or Samsung Pay, including being able to add the Schwab Bank Visa Platinum Debit Card to a mobile wallet for use by the account holder on his or her smartphone.  CSB admits that once added, the account holder can then conduct a transaction making payment with the Schwab Bank Visa Platinum Debit Card from the mobile wallet, such as through Apple Pay, Google Pay, or Samsung Pay. CSB admits that some of these transactions may be payments to a merchant or third party, and

some transactions may take place through contactless payment using near field communication (NFC) with a merchant's point of sale (POS) terminal.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 71 of the Complaint and therefore denies them.

72.     CSB denies that any messaging gateway is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 72 of the Complaint and therefore denies them.

73.     CSB denies that any authorization server is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 73 of the Complaint and therefore denies them.

74.     CSB denies that any authorization server is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 74 of the Complaint and therefore denies them.

75.     CSB denies that any authorization server is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 75 of the Complaint and therefore denies them.

76.     CSB denies that any authorization server is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services.  CSB

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 76 of the Complaint and therefore denies them.

77. CSB denies that any authorization server is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 77 of the Complaint and therefore denies them.

78. CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Complaint and therefore denies them.

79. CSB admits that Plaintiff purports to allege infringement either literally or under the doctrine of equivalents, but denies any such infringement.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. CSB admits that it first learned of the '499 Patent when it was served with the Complaint, but denies that this service was sufficient to provide notice of Plaintiff's infringement allegations regarding the '499 Patent including, specifically, denying that the Complaint sufficiently identifies and describes any accused instrumentality or CSB's alleged infringement

and allegedly-infringing acts.  CSB denies the remaining allegations of paragraph 89 of the

Complaint.

90.     Denied.

91.     Denied.

92.     Denied.

## COUNT IV

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,148,659

93.     CSB admits that on December 4, 2018, the United States Patent and Trademark

Office issued United States Patent No. 10,148,659 ("the '659 Patent"), which is entitled

"Authentication System and Method."  CSB denies that the '659 Patent was duly or legally

issued.

94.     CSB lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 94 of the Complaint and therefore denies them.

95.     CSB admits that it offers debit cards, such as the Schwab Bank Visa Platinum

Debit Cards.  CSB states that those debit cards can be used with technologies intended to prevent

or mitigate unauthorized transactions and fraud in a request to pay a merchant for a transaction,

but CSB lacks knowledge or information sufficient to form a belief as to whether those

technologies are "an authentication system that authenticates the identity of a Charles Schwab

card holder in a request to pay a merchant for a transaction" as those terms are being used by

Textile in its allegation and therefore, denies this allegation.  CSB states that it has entered into a

contractual relationship with a third party for "token service" in connection with its debit cards

and admits that documentation relating to implementation of the token service indicates that it is

based on EMVCo Payment Token Standards.  Because this service is provided by a third party,

CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegation

that "tokens that are used in the transaction instead of the user's debit and/or credit card number so that the user's debit and/or credit card number is never transmitted or otherwise provided to the merchant thereby preventing the user's debit and/or credit card number from being deliberately or unintentionally transferred from the merchant to a third-party such as through hacking, spoofing, or other man-in-the-middle vulnerabilities, for example" and therefore denies it.  CSB admits that holders of its debit cards may be able to utilize the token service using a smart phone, but CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation and therefore denies it.  CSB admits that paragraph 95 of the Complaint includes an excerpt from a web page located at:

https://www.schwab.com/checking/debit-card.  CSB admits that paragraph 95 of the Complaint includes excerpts from a US Payments Forum document located at:

https://www.uspaymentsforum.org/wp-content/uploads/2019/06/EMV-Payment-Tokenization-Primer-Lessons-Learned-FINAL-June-2019.pdf, but CSB is not a member of the US Payments Forum or the author of that document, which does not refer to CSB or any of its debit cards.  CSB denies that the US Payments Forum document or its excerpts in paragraph 95 of the Complaint describe any authentication system or accused instrumentality of CSB.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 95 of the Complaint and therefore denies them.

96.    CSB admits that some of its account holders may conduct transactions through smartphones and software applications such as Apple Pay, Google Pay, or Samsung Pay, including being able to add the Schwab Bank Visa Platinum Debit Card to a mobile wallet for use by the account holder on his or her smartphone.  CSB admits that once added, the account holder can then conduct a transaction making payment with the Schwab Bank Visa Platinum

Debit Card from the mobile wallet, such as through Apple Pay, Google Pay, or Samsung Pay. CSB admits that some of these transactions may be payments to a merchant or third party, and some transactions may take place through contactless payment using near field communication (NFC) with a merchant's point of sale (POS) terminal.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 96 of the Complaint and therefore denies them.

97.     CSB denies that any interface is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 97 of the Complaint and therefore denies them.

98.     CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 98 of the Complaint and therefore denies them.

99.     CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 99 of the Complaint and therefore denies them.

100.     CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 100 of the Complaint and therefore denies them.

101.    CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 101 of the Complaint and therefore denies them.

102.    CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 102 of the Complaint and therefore denies them.

103.    CSB admits that Plaintiff purports to allege infringement either literally or under the doctrine of equivalents, but denies any such infringement.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    CSB admits that it first learned of the '659 Patent when it was served with the Complaint, but denies that this service was sufficient to provide notice of Plaintiff's infringement allegations regarding the '659 Patent including, specifically, denying that the Complaint sufficiently identifies and describes any accused instrumentality or CSB's alleged infringement

and allegedly-infringing acts.  CSB denies the remaining allegations of paragraph 113 of the Complaint.

114.    Denied.

115.    Denied.

116.    Denied.

## COUNT V

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,560,454

117.    CSB admits that on February 11, 2020, the United States Patent and Trademark Office issued United States Patent No. 10,560,454 ("the '454 Patent"), which is entitled "Authentication System and Method."  CSB denies that the '454 Patent was duly or legally issued.

118.    CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 118 of the Complaint and therefore denies them.

119.    CSB admits that it offers debit cards, such as the Schwab Bank Visa Platinum Debit Cards.  CSB states that those debit cards can be used with technologies intended to prevent or mitigate unauthorized transactions and fraud in a request to pay a merchant for a transaction, but CSB lacks knowledge or information sufficient to form a belief as to whether those technologies are "an authentication system that authenticates the identity of a Charles Schwab card holder in a request to pay a merchant for a transaction" as those terms are being used by Textile in its allegation and therefore, denies this allegation.  CSB states that it has entered into a contractual relationship with a third party for "token service" in connection with its debit cards and admits that documentation relating to implementation of the token service indicates that it is based on EMVCo Payment Token Standards.  Because this service is provided by a third party, CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegation

that "tokens that are used in the transaction instead of the user's debit and/or credit card number so that the user's debit and/or credit card number is never transmitted or otherwise provided to the merchant thereby preventing the user's debit and/or credit card number from being deliberately or unintentionally transferred from the merchant to a third-party such as through hacking, spoofing, or other man-in-the-middle vulnerabilities, for example" and therefore denies it.  CSB admits that holders of its debit cards may be able to utilize the token service using a smart phone, but CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation and therefore denies it.  CSB admits that paragraph 119 of the Complaint includes an excerpt from a web page located at:

https://www.schwab.com/checking/debit-card.  CSB admits that paragraph 119 of the Complaint includes excerpts from a US Payments Forum document located at:

https://www.uspaymentsforum.org/wp-content/uploads/2019/06/EMV-Payment-Tokenization-Primer-Lessons-Learned-FINAL-June-2019.pdf, but CSB is not a member of the US Payments Forum or the author of that document, which does not refer to CSB or any of its debit cards. CSB denies that the US Payments Forum document or its excerpts in paragraph 119 of the Complaint describe any authentication system or accused instrumentality of CSB.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 119 of the Complaint and therefore denies them.

120.    CSB admits that some of its account holders may conduct transactions through smartphones and software applications such as Apple Pay, Google Pay, or Samsung Pay, including being able to add the Schwab Bank Visa Platinum Debit Card to a mobile wallet for use by the account holder on his or her smartphone.  CSB admits that once added, the account holder can then conduct a transaction making payment with the Schwab Bank Visa Platinum

Debit Card from the mobile wallet, such as through Apple Pay, Google Pay, or Samsung Pay. CSB admits that some of these transactions may be payments to a merchant or third party, and some transactions may take place through contactless payment using near field communication (NFC) with a merchant's point of sale (POS) terminal.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 120 of the Complaint and therefore denies them.

      121.    CSB denies that any interface is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 121 of the Complaint and therefore denies them.

      122.    CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 122 of the Complaint and therefore denies them.

      123.    CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 123 of the Complaint and therefore denies them.

      124.    CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 124 of the Complaint and therefore denies them.

125.    CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 125 of the Complaint and therefore denies them.

126.    CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 126 of the Complaint and therefore denies them.

127.    CSB admits that Plaintiff purports to allege infringement either literally or under the doctrine of equivalents, but denies any such infringement.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    CSB admits that it first learned of the '454 Patent when it was served with the Complaint, but denies that this service was sufficient to provide notice of Plaintiff's infringement allegations regarding the '454 Patent including, specifically, denying that the Complaint sufficiently identifies and describes any accused instrumentality or CSB's alleged infringement

and allegedly-infringing acts.  CSB denies the remaining allegations of paragraph 137 of the Complaint.

138.    Denied.

139.    Denied.

140.    Denied.

## ADDITIONAL ALLEGATIONS REGARDING INFRINGEMENT

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

CSB is not required to respond to and does not respond to Plaintiff's demand for a trial by jury on all claims and issues so triable.

## PLAINTIFF'S PRAYER FOR RELIEF

CSB denies that Plaintiff is entitled to any relief whatsoever.  CSB asks the Court to deny all relief to Plaintiff in this case, including the relief sought in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Subject to the responses above, and without assuming any burden other than that imposed by operation of law, CSB alleges and asserts the following defenses, affirmative or otherwise, in response to the allegations of the Complaint.  In addition to the defenses described below, CSB expressly reserves the right to assert any and all other legal or equitable defenses that may now exist, or that may in the future be available, based on discovery and further investigation of this action, including of Plaintiff's allegations and claims.

## FIRST DEFENSE – NON-INFRINGEMENT OF U.S. PATENT NO. 8,505,079

CSB does not infringe and has not infringed any valid and enforceable claim of the '079 Patent, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.

## SECOND DEFENSE – INVALIDITY OF U.S. PATENT NO. 8,505,079

Each and every asserted claim of the '079 Patent is invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.  CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '079 Patent.

### THIRD DEFENSE – NON-INFRINGEMENT OF U.S. PATENT NO. 8,533,802

CSB does not infringe and has not infringed any valid and enforceable claim of the '802 Patent, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.

### FOURTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 8,533,802

Each and every asserted claim of the '802 Patent is invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.  CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '802 Patent.

### FIFTH DEFENSE – NON-INFRINGEMENT OF U.S. PATENT NO. 9,584,499

CSB does not infringe and has not infringed any valid and enforceable claim of the '499 Patent, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.

### SIXTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 9,584,499

Each and every asserted claim of the '499 Patent is invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.  CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '499 Patent.

### SEVENTH DEFENSE – NON-INFRINGEMENT OF U.S. PATENT NO. 10,148,659

CSB does not infringe and has not infringed any valid and enforceable claim of the '659 Patent, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.

### EIGHTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 10,148,659

Each and every asserted claim of the '659 Patent is invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et*

*seq.*, including without limitation §§ 101, 102, 103, and/or 112.  CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '659 Patent.

### NINTH DEFENSE – NON-INFRINGEMENT OF U.S. PATENT NO. 10,560,454

CSB does not infringe and has not infringed any valid and enforceable claim of the '454 Patent, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.

### TENTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 10,560,454

Each and every asserted claim of the '454 Patent is invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.  CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '454 Patent.

### ELEVENTH DEFENSE – PROSECUTION ESTOPPEL

By virtue of statements made, amendments made, or positions taken during the prosecution of the Asserted Patents, Plaintiff is estopped from construing any claim of the Asserted Patents to cover or include, either literally or under the doctrine of equivalents, any CSB product, system, process, method, or apparatus.

### TWELFTH DEFENSE – IPR ESTOPPEL

By virtue of statements made, arguments made, and positions taken by Plaintiff during *inter partes* review of the '079 Patent in the *Unified Patents* IPR (including in Papers 8, 13, and trial arguments), the PTAB's reliance on those statements, arguments, and positions for its Final Written Decision (Paper 19) and the findings and conclusions therein, Plaintiff's silence in response to Petitioner's subsequent motion for rehearing (Paper 20) and the PTAB's ruling denying that motion (Paper 21), and Plaintiff's reliance on the PTAB's decisions in both the

FWD and denying the motion for rehearing, Plaintiff is estopped from construing any claim of the '079 Patent and its claim term "key string," as well as of the four other Asserted Patents with respect to their use of the claim term "key string," to cover or include, either literally or under the doctrine of equivalents, any CSB product, system, process, method, or apparatus.

## THIRTEENTH DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a claim upon which relief may be granted, including but not limited to the Complaint's failure to state a claim for direct infringement of the Asserted Patents by CSB, including its failure to state a claim of any infringing use of any accused instrumentality by CSB, its failure to state a claim of any joint infringement by CSB with any other non-party, and its failure to state a claim of any vicarious liability of CSB for the actions of any other non-party with respect to the accused instrumentality.

## FOURTEENTH DEFENSE – LIMITATION ON DAMAGES

Plaintiff's right to recover damages, attorneys' fees, or costs, if any, is limited, included without limitation by 35 U.S.C. §§ 286, 287, and/or 288.

## OTHER APPLICABLE DEFENSES

CSB expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled.

## CSB'S COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Charles Schwab Bank, SSB ("CSB") alleges as follows for its counterclaims against Counterclaim-Defendant Textile Computer Systems, Inc. ("Plaintiff" or "Textile").

## PARTIES

1.      CSB is a Texas-chartered state savings bank, and has its principal place of business at 3000 Schwab Way, Westlake, TX 76262.

2.      On information and belief, including based upon paragraph 2 of the Complaint, Textile is a corporation formed under the laws of the State of Texas, with a place of business at 618 Bluff Trail, San Antonio, Texas, 78216.

## JURISDICTION AND VENUE

3.      These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338.

4.      Textile is subject to the personal jurisdiction of this Court because Textile is the named plaintiff and consented to this venue by filing its Complaint for patent infringement here, in response to which these counterclaims are asserted.

5.      Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## CHARLES SCHWAB'S FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 8,505,079

6.      CSB realleges and incorporates by reference each and all of the above paragraphs of these counterclaims.

7.      By virtue of the Complaint, an actual and justiciable controversy exists between Textile and CSB concerning CSB's alleged infringement of U.S. Patent No. 8,505,079 ("the '079 Patent").

8.      CSB is not infringing and has not infringed any properly construed, valid and enforceable claim of the '079 Patent.

9.      A judicial declaration is necessary and appropriate so that CSB may ascertain its rights with respect to the '079 Patent.

10.      CSB is entitled to a declaration from this Court that CSB is not infringing and has not infringed any properly construed, valid and enforceable claim of the '079 Patent.

**CSB'S SECOND COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,505,079**

11.    CSB realleges and incorporates by reference each and all of the above paragraphs of these counterclaims.

12.    By virtue of the Complaint, an actual and justiciable controversy exists between Textile and CSB concerning the validity of the '079 Patent.

13.    The claims of the '079 Patent are invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.  CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '079 Patent.

14.    CSB is entitled to a declaration from this Court that the '079 Patent is invalid.

**CSB'S THIRD COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 8,533,802**

15.    CSB realleges and incorporates by reference each and all of the above paragraphs of these counterclaims.

16.    By virtue of the Complaint, an actual and justiciable controversy exists between Textile and CSB concerning CSB's alleged infringement of U.S. Patent No. 8,533,802 ("the '802 Patent").

17.    CSB is not infringing and has not infringed any properly construed, valid and enforceable claim of the '802 Patent.

18.    A judicial declaration is necessary and appropriate so that CSB may ascertain its rights with respect to the '802 Patent.

19.    CSB is entitled to a declaration from this Court that CSB is not infringing and has not infringed any properly construed, valid and enforceable claim of the '802 Patent.

## CSB'S FOURTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,533,802

20.     CSB realleges and incorporates by reference each and all of the above paragraphs of these counterclaims.

21.     By virtue of the Complaint, an actual and justiciable controversy exists between Textile and CSB concerning the validity of the '802 Patent.

22.     The claims of the '802 Patent are invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.  CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '802 Patent.

23.     CSB is entitled to a declaration from this Court that the '802 Patent is invalid.

## CSB'S FIFTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 9,584,499

24.     CSB realleges and incorporates by reference each and all of the above paragraphs of these counterclaims.

25.     By virtue of the Complaint, an actual and justiciable controversy exists between Textile and CSB concerning CSB's alleged infringement of U.S. Patent No. 9,584,499 ("the '499 Patent").

26.     CSB is not infringing and has not infringed any properly construed, valid and enforceable claim of the '499 Patent.

27.     A judicial declaration is necessary and appropriate so that CSB may ascertain its rights with respect to the '499 Patent.

28.     CSB is entitled to a declaration from this Court that CSB is not infringing and has not infringed any properly construed, valid and enforceable claim of the '499 Patent.

## CSB'S SIXTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,584,499

29.     CSB realleges and incorporates by reference each and all of the above paragraphs of these counterclaims.

30.     By virtue of the Complaint, an actual and justiciable controversy exists between Textile and CSB concerning the validity of the '499 Patent.

31.     The claims of the '499 Patent are invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.  CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '499 Patent.

32.     CSB is entitled to a declaration from this Court that the '499 Patent is invalid.

## CSB'S SEVENTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 10,148,659

33.     CSB realleges and incorporates by reference each and all of the above paragraphs of these counterclaims.

34.     By virtue of the Complaint, an actual and justiciable controversy exists between Textile and CSB concerning CSB's alleged infringement of U.S. Patent No. 10,148,659 ("the '659 Patent").

35.     CSB is not infringing and has not infringed any properly construed, valid and enforceable claim of the '659 Patent.

36.     A judicial declaration is necessary and appropriate so that CSB may ascertain its rights with respect to the '659 Patent.

37.     CSB is entitled to a declaration from this Court that CSB is not infringing and has not infringed any properly construed, valid and enforceable claim of the '659 Patent.

## CSB'S EIGHTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,148,659

38.     CSB realleges and incorporates by reference each and all of the above paragraphs of these counterclaims.

39.     By virtue of the Complaint, an actual and justiciable controversy exists between Textile and CSB concerning the validity of the '659 Patent.

40.     The claims of the '659 Patent are invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.  CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '659 Patent.

41.     CSB is entitled to a declaration from this Court that the '659 Patent is invalid.

## CSB'S NINTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 10,560,454

42.     CSB realleges and incorporates by reference each and all of the above paragraphs of these counterclaims.

43.     By virtue of the Complaint, an actual and justiciable controversy exists between Textile and CSB concerning CSB's alleged infringement of U.S. Patent No. 10,560,454 ("the '454 Patent").

44.     CSB is not infringing and has not infringed any properly construed, valid and enforceable claim of the '454 Patent.

45.     A judicial declaration is necessary and appropriate so that CSB may ascertain its rights with respect to the '454 Patent.

46.     CSB is entitled to a declaration from this Court that CSB is not infringing and has not infringed any properly construed, valid and enforceable claim of the '454 Patent.

## <u>CSB'S TENTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,560,454</u>

47.     CSB realleges and incorporates by reference each and all of the above paragraphs of these counterclaims.

48.     By virtue of the Complaint, an actual and justiciable controversy exists between Textile and CSB concerning the validity of the '454 Patent.

49.     The claims of the '454 Patent are invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.  CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '454 Patent.

50.     CSB is entitled to a declaration from this Court that the '454 Patent is invalid.

### CSB'S PRAYER FOR RELIEF

WHEREFORE, CSB denies that Plaintiff is entitled to any of the relief sought in its Complaint or otherwise and, accordingly, respectfully requests the following relief:

A.     The entry of judgment in favor of CSB, and against Plaintiff, with Plaintiff being awarded no relief of any kind sought in its Complaint or otherwise;

B.     A declaration that CSB does not and has not infringed, literally or under the doctrine of equivalents, directly or indirectly, or otherwise, any claim of U.S. Patent Nos. 8,505,079, 8,533,802, 9,584,499, 10,148,659, and 10,560,454;

C.     A declaration that the asserted claims of U.S. Patent Nos. 8,505,079, 8,533,802, 9,584,499, 10,148,659, and 10,560,454 are invalid for failing to meet the requirements of Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112;

D.      A declaration that CSB is the prevailing party and awarding its costs under 28 U.S.C. § 1920, Fed. R. Civ. P. 54, and all other applicable law and statutes; and

E.      An award to CSB of such other and further relief as the Court deems just and proper under the circumstances.

Dated: August 19, 2022

Respectfully submitted,

*/s/ Hilda C. Galvan*

Hilda C. Galvan
Texas State Bar No. 00787512
Email:  hcgalvan@jonesday.com
Keith B. Davis
Texas State Bar No. 24037895
Email:  kbdavis@jonesday.com
Christopher A. Buxton
Texas State Bar No. 24116154
Email:  cbuxton@jonesday.com
**JONES DAY**
2727 N. Harwood Street, Suite 500
Dallas, TX 75201-1515
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100

*Attorneys for Defendant Charles Schwab Bank, SSB*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on August 19, 2022.


By:  <u>*/s/ Hilda C. Galvan*</u>